No. 32,627

E. A. WOHLGEMUTH, Trustee, *Appellee*, v. MERRITT L. BEESON, *Appellee* (et al.), STANDISH HALL, Trustee, *Appellant*.

(54 P. 2d 959)

Opinion filed March 7, 1936.

*C. H. Brooks, Willard Brooks* and *Paul R. Kitch*, all of Wichita, for the appellant.

*Carl Van Riper*, of Dodge City, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action to foreclose a trust deed securing an issue of bonds. Judgment was entered denying the relief prayed for in an answer and cross petition of one of the defendants. That defendant appeals.

The facts are about as follows: About October 1, 1925, one Beeson and wife executed a trust deed to certain real property to the Guarantee Title and Trust Company. Bonds were issued and sold under this trust deed. Some time in April, 1930, this trust deed became in default. About August 30, 1930, the Guarantee Title and Trust Company closed its doors. Standish Hall was appointed successor in trust to the Guarantee Title and Trust Company. For some time after the defaults in that trust deed Standish Hall endeavored to cause the defaults to be removed. He threatened foreclosure, conducted bondholders' meetings and endeavored to work out a satisfactory adjustment or extension of the mortgage.

While these efforts were under way some of the bondholders sought to work out their troubles independently of Hall. As a result of these efforts a trust deed to the same real property covered by the former trust deed was executed to E. A. Wohlgemuth as trustee. Bonds were issued under this trust deed. All but $1,400 of the bonds issued under the first deed were exchanged for bonds

issued under the second deed. At all times while the negotiations just described were being carried on, Standish Hall was asserting right and duty to remain in office as long as there were any of the old bonds unpaid.

Finally the bonds that were issued under the second trust deed became in default. This action was brought to foreclose that trust deed.

Standish Hall was made a party defendant in the action. He pleaded the facts in an answer and cross petition about as they have been stated here. While this action was pending in the trial court the $1,400 bonds that have been spoken of under the first mortgage were paid.

In all his efforts to cause the defaults that have been described to be met, Standish Hall relied upon the right of reimbursement claimed by him against the trust estate for any expense incurred by him for attorneys' fees, traveling expenses and the like, and upon the lien claimed by him upon the trust estate for his own reasonable compensation and for his expenses reasonably incurred, including expenses for attorneys' fees. This contention was raised in the lower court by proper pleading.

The trial court found the facts about as they have been stated and gave judgment that the trust deed sued upon by Standish Hall had been satisfied and discharged, and foreclosed him from any claim against the real estate in question. From that judgment this appeal is taken.

The question is whether or not a trustee in a trust deed has a lien upon the real estate to pay for the reasonable value of his services.

In the case of *Hall v. Goldsworthy,* 136 Kan. 247, 14 P. 2d 659, this court considered an analogous question. There the question was whether the mortgagor was liable for trustee's expenses in a case of foreclosure of a deed such as we have here. This court pointed out that R. S. 60-3107 provided that in an action to foreclose a mortgage judgment shall be rendered for the amount thereof, with interest, and that the court shall tax the costs and expenses which may accrue in the action, and held the mortgagor not liable. The trustee is not an officer of the court, consequently his fees and expenses do not come within the terms of the statute. They are not costs or expenses accruing in the action. This reasoning applies with great force to this case. Once it is established that the mortgagor is not liable for these fees and expenses it must follow that there can

be no lien on the trust estate to pay them. If such a lien should be held to exist in a case such as we have here, then the only person who would pay it would be the mortgagor. Thus the spirit of the statute and of *Hall v. Goldsworthy* would be violated.

The judgment of the trial court is affirmed.